IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANNA HASBROUCK, | |
| Plaintiff, | 4:23CV3066 |
| vs. | |
| MARTIN O'MALLEY, Commissioner of Social Security, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b). Filing No. 31. Plaintiff requests attorney fees under 42 U.S.C. § 406(b) in the amount of $18,972.75, which is less than twenty-five percent (25%) of the amount of her total past due benefits. Filing No. 31-2. The Commissioner of Social Security ("Commissioner") does not object to, nor agree to, awarding attorney fees under § 406(b). Filing No. 32. All that remains is for this Court to independently determine if Plaintiff is entitled to attorney fees under this statute, and if the award is reasonable.

**BACKGROUND**

Plaintiff filed an application for Social Security Disability and Social Security income benefits alleging that she was disabled. The Administrative Law Judge originally denied Plaintiff's application, a denial which was finalized by the Commissioner. Plaintiff then appealed her denial to this Court. The Commissioner's decision was reversed and remanded by this Court to the Social Security Administration for an immediate award of benefits. This Court, thereafter, awarded attorney fees under the Equal Access to Justice Act in the amount of $8,500.00. Filing No. 29.

1

Plaintiff entered into a fee agreement with her attorneys. This fee agreement specified a contingency fee of 25% of back benefits awarded to Plaintiff. Filing No. 31-1.

**LAW**

The Social Security Act authorizes a federal district court to award attorney's fees for representation before the Court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (internal quotations omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807. A contingency fee agreement that provides for fees exceeding twenty-five percent of past-due benefits is unenforceable. Id. If the contingency fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. Id.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. Id. Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and

2

whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807–08.

A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

**DISCUSSION**

Counsel seeks $18,972.75 under § 406(b). The Court conducted an independent review of the fee arrangement. Based on the favorable outcome for Plaintiff and the character of the representation, the Court finds that the fee of $18,972.75 requested by counsel under § 406(b) is reasonable.

Pursuant to the Court's statutory duty to award appropriate fees under § 406(b), the Court will also consider the existing contingency-fee agreement. *Gisbrecht*, 535 U.S. at 807; Filing No. 31-1. The contingency fee agreement does not request fees in excess of 25% of Plaintiff's recovered benefits. The signed contingency fee agreement is at or below the contingency fee boundary and is thus reasonable.

The next question is whether the fee sought is reasonable in proportion to the services rendered. Gisbrecht, 535 U.S. at 807. This request reasonably applies the relevant provisions of § 406(a) and (b) by first limiting recovery to Congress's "boundary line" of 25% of the past-due benefits; then, to afford § 406(b) recovery, by reducing fees under § 406(a) to pay fees under § 406(b). Id. Moreover, counsel spent a reasonable amount of time on Plaintiff's case, and given his expertise in social security matters, the fees sought are reasonable.

The Court considers the hourly rate and the number of hours to ensure the attorneys are not receiving a "windfall" in fees compared to the number of hours worked. See Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989). Here, counsel worked 112 hours in total. Filing No. 31-3. The requested funds divided by the hours spent compute to approximately $162.00 per hour. Plaintiff's counsel attached an itemized account for the hours spent working on her case. Id. Based on the accounted-for hours and the hypothetical hourly rate, the Court believes that the requested fees are in keeping with the number of hours expended on behalf of Plaintiff's appeal, and counsel would not receive a windfall in fees.

Finally, there are no indications that the attorney's performance merits downward adjustment for delay or filing boilerplate or ineffective assistance. Thus, the Court finds the request reasonable and grants Plaintiff's motion for attorney fees under § 406(b).

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 31, is granted.

2. Counsel Warren L. Reimer is awarded $18,972.75 under 42 U.S.C. § 406(a).

5

3. The Court orders the smaller fee received under the Equal Access to Justice Act in the amount of $8,500.00 refunded to the plaintiff.

4. The Social Security Administration is ordered to send the attorney fees awarded under 42 U.S.C. § 406(b) to Attorney Warren L. Reimer.

5. A judgment in accordance with this Memorandum and Order will issue on this date.

Dated this 12th day of June 2024.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge

.